### THE COLLINS CO. *v.* COES and others.

*(Circuit Court, D. Massachusetts.* May 21, 1881.)

1. RE-ISSUE No. 5,294—IMPROVEMENT IN MONKEY WRENCHES—PETITION TO VACATE DECREE AND REOPEN CAUSE.

    A petition to vacate decree sustaining re-issued letters patent No. 5,294, granted February 25, 1873, to Lucius Jordan and Leander E. Smith, for improvement in monkey wrenches, and to allow the defendant to set up by a supplemental answer that Jordan was the sole inventor of the improvement, *refused.*

2. PETITION TO REOPEN CAUSE— SUPPLEMENTAL ANSWER — NEWLY-DISCOVERED DEFENCE.

    Upon a petition for leave to reopen a cause, and to file a supplemental answer setting up a newly-discovered defence, after final hearing and decree, the evidence must be clearly such as would have availed the defendants if introduced on final hearing. Where, in such a case, the defence sought to be introduced was that a joint patent was the sole invention of one of its patentees, the affidavit of such patentee that he was the sole inventor, and of others that he claimed to them to be the sole inventor, *held,* not to be such proof as would warrant the court in reopening the cause and admitting such defence.

In Equity.

*B. F. Thurston* and *W. E. Simonds,* for complainants.

*Geo. L. Roberts* and *Thomas H. Dodge,* for defendants.

LOWELL, C. J. An interlocutory decree was entered in this cause, some months since, that certain of the claims of the patent sued on, which was re-issue No. 5,294 of patent No. 50,364, granted to Lucius

Jordan and Leander E. Smith, and by them sold and assigned to the plaintiffs, were valid, and that one of them had been infringed.[*] The improvement consisted in adding to the well-known "Coes" wrench a nut under the step-plate, by which much of the strain upon the wooden handle of the wrench was diverted to the main iron bar. This was new and useful. The accounting has not been had, and, of course, no final decree has been rendered.

The defendants now petition for leave to open the case and file an additional answer setting up the newly-discovered fact, as they believe it to be, that Lucius Jordan, one of the patentees, was the sole inventor of the improvement. Jordan & Smith were partners in the manufacture of wrenches, and Smith advanced money for expenses at the patent-office, and they agreed to be joint owners of the patent; but the defendants aver that this was merely a business arrangement, and that the application should have been made by Jordan alone, accompanied by an assignment of the invention to himself and Smith. The law is so, if the facts are as they are assumed to be. Jordan's affidavit that he was the sole inventor is filed, and other affiants testify that they have heard Jordan speak of himself as the inventor, and never heard Smith make any such pretension; that the talk of the shop, at the time the patent was obtained, was that Jordan made the invention. Jordan swore, on his application for the patent, that both were inventors, and he has sold the joint patent and received his share of the money. Smith is dead. The transaction is not recent. Under these circumstances, if the defendants' affidavits alone and uncontradicted were the evidence at a final hearing, they could hardly avail to persuade me that the invention was wholly Jordan's. But they are met not only by proof that Jordan and Smith have repeatedly spoken of the invention as joint, but by affirmative evidence that Smith made a wrench before Jordan began to experiment, in which the step-plate was sustained by a set-screw at the place where the patent puts the nut. After this, the partners talked over the matter and consulted, and the joint application was made. Upon these affidavits the defendants contend that Smith was the sole inventor, which is equally useful for their purpose. I suppose that the wrench which Smith made would be an infringement of the patent; but that does not prove that it anticipated the patent. The nut is decidedly better for the purpose of the improvement than the set-screw. If the Smith wrench had been made by a third person, and had proved to be useful, it would have limited

[*]3 FED. REP. 225.

the scope of the patent; and it would have the same effect if invented by Smith himself. But, upon the affidavits, it was merely an experiment on the way to the completed invention, and has no effect at all.

In this state of the case there is but this argument for opening the case: that another action is pending by the plaintiffs against different defendants, in which these matters may be investigated; and if it should turn out, upon the hearing of that case, that the patent is void, it would work a great hardship upon these defendants to be obliged to pay damages and to be enjoined, when all the rest of the world could use the invention. The plaintiff corporation meets this point by saying, in its printed brief, that it is willing to defer taking the final decree in this cause until time has been given to bring that cause to a hearing. Even without such a stipulation, I do not find that enough doubt is thrown by the affidavits upon the soundness of the original decree to require me to open it. But, with that understanding, no possible ground is left for such action.

Leave to open the cause refused.

*Buerk* v. *Imhauser, supra; De Florez* v. *Reynolds,* 16 Blatchf. 408; *Adair* v. *Thayer,* 7 FED. REP. 920.